## RUEGAMER et al. v. CIESLINSKIE.

(Supreme Court, Appellate Division, Second Department. April 28, 1905.)

1. JUDGMENT—COSTS—AMENDMENT.

In an action for the contract price for work done under a written agreement requiring its completion by a certain time, a judgment "dismissing the complaint on the ground this action is prematurely brought, the work not being completed according to the contract, and judgment for the defendant on the counterclaim for the sum of $25, without costs," showed a decision on the merits, and hence defendant was entitled to have it amended to show that fact.

2. COSTS—RECOVERY BY DEFENDANT—AMOUNT.

Municipal Court Act, § 332, subd. 2 (Laws 1902, p. 1585, c. 580), provides that, after trial of issue of fact raised by appearance and answer of defendant, plaintiff, on a judgment for $100 and under $200, shall have $15 costs. Subdivision 5, p. 1586, provides that, where defendant recovers, costs shall be awarded him at the amount prescribed in subdivision 2, based on the amount of plaintiff's demand. Held that, where plaintiff sought to recover $115, and judgment was rendered dismissing the complaint on the merits and giving defendant judgment on a counterclaim for $25, defendant was entitled to $15 costs.

Appeal from Municipal Court of New York.

Action by Andrew Ruegamer, Jr., and another against Anthony J. Cieslinskie. From an order denying defendant's motion to amend the judgment, he appeals. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS, RICH, and MILLER, JJ.

Albert A. Hovell, for appellant.
Fred L. Gross, for respondents.

HIRSCHBERG, P. J. I think the defendant was entitled to have his motion granted. The action was brought to recover the sum of $115 as the contract price for the doing of certain plumbing work, which work, according to the written contract, was to be completed on or before August 19, 1903. The defendant denied that the work had been performed according to the contract, or

completed at all, and alleged as a counterclaim expenditures incurred by him, and damage incident to the work amounting to $32.99. The action was commenced in January, 1904. The case was tried without a jury, and the court rendered a decision and entered judgment in accordance with it, the precise words of which are as follows: "Dismissing the complaint on the ground this action is prematurely brought, the work not being completed according to the contract, and judgment for the defendant on the counterclaim for the sum of $25, without costs." The defendant's motion was to amend this judgment so that it would read: "Judgment for the defendant dismissing the complaint on the merits and judgment for the defendant on the counterclaim for $25."

No question is raised as to the propriety of the defendant's attempt to procure an amendment of the judgment by motion under section 254 of the Municipal Court Act of the City of New York (chapter 580, p. 1563, Laws 1902). The respondents' contention is that the judgment is not on the merits, and that the recovery for the counterclaim does not carry costs. The judgment is certainly on the merits. There could be no decision in favor of the defendant to the effect that the work was not completed within the time contracted for, and awarding to him damages resulting from the failure of the plaintiffs to perform their contract without involving an adjudication fatal to the enforcement of the plaintiffs' claim. The case of Conolly v. Hyams, 47 App. Div. 592, 62 N. Y. Supp. 567, presented a very different question. In that case there was no judgment rendered upon a counterclaim, and the plaintiff's sole default was in failing to obtain the architect's certificate. It was held that the mere failure to produce the certificate did not authorize a dismissal of the complaint on the merits. The work, however, was all done, and the right of the plaintiff to recover on proper proof was undoubted. There was no adjudication of a violation of the contract. Here the decision is that the plaintiffs have no right to recover, because the work never has been and never may be done, and compensation has been decreed to the defendant for the damages which he has sustained by reason of that condition, and the violation of the contract which it involves. I think the defendant is also entitled to $15 costs, under the provisions of section 332 of the Municipal Court Act, supra, subdivisions 2 and 5 (Laws 1902, pp. 1585, 1586, c. 580).

The order should accordingly be reversed, with $10 costs and disbursements, and the motion granted, with costs. All concur.