## STRATHMAN v. WILLIAMS & MORFORD CO.

(Municipal Court of City of New York, Borough of Manhattan, Fifth District. February 16, 1912.)

1. Costs (§ 146*)—Grounds—Amount of Recovery—Municipal Court.
   Municipal Court Act (Laws 1902, c. 580) § 332, provides, by subdivision 1, that where a plaintiff demand less than $50, and defendant counterclaims for an amount under $50, the court may award either party $5; by subdivision 5, that, where defendant recovers judgment, he is entitled to costs based upon the amount claimed in the summons; and by subdivision 7, that where defendant, after a trial raised by appearance, answer, and counterclaim, recovers judgment for $50 and under $100, he is entitled to $10, and for each additional $100 or fractional part thereof $5 additional. Defendant, in an action for the recovery of $200, counterclaimed for $141, and there was a judgment for defendant on the merits on plaintiff's claim and in defendant's favor on his counterclaim for $15. Held, that the successful party receives the same amount of costs that would have been awarded against him had he been defeated, that subdivisions 5 and 7 were independent, and that under subdivision 7 defendant was entitled to no costs.
   [Ed. Note.—For other cases, see Costs, Dec. Dig. § 146.*]

2. Set-Off and Counterclaim (§ 1*)—Nature of Counterclaim.
   A counterclaim is in the nature of an independent action deferred until defendant is brought into court.
   [Ed. Note.—For other cases, see Set-Off and Counterclaim, Cent. Dig. § 1; Dec. Dig. § 1.*]

3. Set-Off and Counterclaim (§ 58*)—Extinguishment of Plaintiff's Claim—Right to Judgment.
   Where defendant establishes a counterclaim to an amount equal to plaintiff's demand, the claims balance each other; but the form of the judgment must be in favor of defendant without any amount being stated.
   [Ed. Note.—For other cases, see Set-Off and Counterclaim, Dec. Dig. § 58.*]

Action by William Strathman against the Williams & Morford Company, with counterclaim by defendant. Judgment for defendant on the merits on plaintiff's claim and in his favor on his counterclaim for $15. Motion by plaintiff to strike out an allowance of $20 costs to defendant. Order disallowing the item of $20 costs, and directing that such sum be credited, upon the judgment and upon any execution or other mandate issued to enforce it.

Andrew H. Scoble, for plaintiff.
Joseph M. Williams, for defendant.

MARKS, J. Plaintiff sued to recover $200. Defendant answered and also interposed a counterclaim of $141.44. Judgment was rendered for the defendant on the merits on plaintiff's claim, and in defendant's favor on his counterclaim, for $15. The clerk taxed $20 costs against plaintiff, based on the amount of plaintiff's claim, under subdivisions 2 and 5 of section 332 of the Municipal Court act.

Plaintiff moves for a retaxation by striking out the allowance of

costs to defendant. The defendant's right to costs must be found in one or more of the subdivisions of section 332, and the only costs allowed to a defendant by that section are as follows:

1 (Subdivision 1). Where a plaintiff demands less than $50 and defendant interposes a counterclaim under $50, the court may, in its discretion award either party $5.

2 (Subdivision 5). Where defendant recovers judgment after trial raised by appearance and answer, he is entitled to the costs mentioned in subdivision 2 based upon the amount claimed in the summons.

3 (Subdivision 6). Where defendant recovers judgment because of plaintiff's failure to appear, he is entitled to one-half the costs mentioned in subdivision 5.

4 (Subdivision 7). Where after a trial raised by appearance and *answer and counterclaim* defendant recovers judgment for $50 and under $100, $10, and for each additional $100 or fractional part thereof $5 additional.

5 (Subdivision 8). Where defendant shall have interposed a counterclaim and recovers judgment on the counterclaim by default, one-half the amount specified in subdivision 7.

[1] In my opinion it is clear that the defendant's right to costs is based upon the amount of his recovery, and, that recovery being less than $50, he recovers no costs under subdivision 7. That subdivision provides that where he recovers judgment, having answered and counterclaimed, his recovery must be $50 or over to carry costs.

The form of judgment in this case, which is the only one that could be made, is not otherwise provided for; that is to say, there is no provision to the effect that where a defendant, answering and counterclaiming, recovers judgment on the plaintiff's claim and also on his counterclaim, he shall receive costs based upon the amount of the plaintiff's claim, where the recovery on his counterclaim is less than $50.

There being no such provision, I fail to see the defendant's right to costs by implication or by reading subdivisions 5 and 7 together. There is nothing to be found in the section that, under any other given condition, or any other form of recovery of judgment, except as stated in the various subdivisions, the defendant shall receive costs, or that, in any other cases except those provided for, he shall be entitled to tax costs based upon the plaintiff's demand.

In a court of record the defendant would be "entitled to costs of course" under the recovery in this case, as the plaintiff is not entitled to costs (Code Civ. Proc. § 3229); but that section is not applicable to the Municipal Court (subdivision 13, § 3347).

It cannot be maintained that where special provision is found for granting to a defendant costs of course in a court of record, where the plaintiff is not entitled to any, that without such or a similar or direct provision applicable to this court, they follow as a matter of course in this court also, because the plaintiff is not entitled to any.

The only cases provided for, in which a defendant is entitled to tax costs based on the amount of plaintiff's demand in the summons, are where the defendant appears and answers and after trial recovers

judgment against the plaintiff, or where defendant recovers judgment by default (subdivisions 5 and 6).

Subdivisions 5 and 7 refer to separate and distinct conditions, and in the absence of language that both shall apply, and that, where there has been an answer and counterclaim and defendant succeeds in defeating plaintiff's claim and also recovers on a counterclaim, he shall receive the costs, provided by those subdivisions, both sections cannot be applied.

There is a distinction made in the subdivisions between the case of a recovery of judgment against plaintiff without a counterclaim, and a recovery of judgment against plaintiff and in addition a recovery upon a counterclaim. In the first case, if the defendant appeared and answered but did not counterclaim, he is entitled to costs based upon the amount of plaintiff's demand (subdivision 5), and in the second case if he appeared, answered, and counterclaimed and recovers judgment, he is entitled, not to costs upon the plaintiff's demand and costs upon his recovery, but to costs based upon the amount recovered on his counterclaim (subdivision 7).

As there is no provision for taxing costs on the amount of plaintiff's claim where defendant recovers on his counterclaim, if defendant's claim is correct, that it is entitled to costs on the amount of plaintiff's claim, under subdivision 5, it would be entitled to the same costs irrespective of the amount of the recovery on the counterclaim, and it would receive double costs where the recovery was for $50 or over.

In such case a defendant could insist that it was entitled to the costs under subdivision 5 and also those prescribed by subdivision 7. So that if a plaintiff sued for $500, and defendant answered and counterclaimed for $300, and there was a trial, and judgment given for defendant on the merits on plaintiff's claim and for defendant on his counterclaim. he would recover $30 costs based on the plaintiff's demand and $25 costs under subdivision 7 for the judgment recovered on his counterclaim.

To sustain the taxation made by the clerk in this case, it would be necessary to read into subdivision 5 a provision that defendant shall also be entitled to the costs therein provided, if he shall have also interposed a counterclaim and recovered judgment thereon, or to read into subdivision 7 a provision that, in addition to the costs allowed to a defendant where he recovers judgment on his counterclaim, he shall also be entitled to recover costs as provided by subdivision 5, if he also recovers judgment on the plaintiff's claim. In my opinion this cannot be held to be the intent of the act, nor can such a course be followed in the absence of express provision permitting it to be done.

As a reason for the practice of allowing costs in this manner, it has frequently been urged, and is urged by the defendant here, that a defendant should not be placed in a worse position, so far as costs are concerned, when he has succeeded in defeating the plaintiff's claim and recovering on his counterclaim, than he would have been if he had not interposed his counterclaim. In the latter event, he would have recovered costs upon the plaintiff's claim, as provided by subdi-

vision 5. But he is no worse off in this respect with his judgment on the merits on plaintiff's claim and judgment on his counterclaim, for $15, than he would have been if the situation was reversed and he was plaintiff.

[2] A defendant's counterclaim is in the nature of an independent action deferred until he is brought into court, and under section 332, where a counterclaim recovered upon was less than plaintiff's demand, the plaintiff would recover judgment for the residue only, and plaintiff's right to costs would not be based upon the amount counterclaimed, where he had sued for more than $50, but would depend upon whether the residue in his favor after deduction of the counterclaim was under or over $50. If under $50, he receives no costs.

If the defendant company had commenced an action for its claim of $141.44, and the plaintiff had counterclaimed for the amount that he claimed as plaintiff in this case, $200, and judgment was rendered against the counterclaim and in favor of the plaintiff company on its claim, for only $15, its right to costs as the plaintiff in such suit would be regulated by subdivision 2; and as no costs are allowed by that subdivision for a recovery less than $50, it would not be entitled to any; and as it had sued for more than $50, the company could not recover costs on the counterclaim under subdivision 4, as that provides that a plaintiff can recover costs on a counterclaim only where the counterclaim is for $50 or more, and the plaintiff has sued for less than $50.

An analysis of section 332, and comparison of its various subdivisions, will show that the successful party receives the same amount of costs that would have been awarded against him had he been defeated. It was not intended under any condition, or under any form of judgment, to award a defendant double costs, or any sum greater than if he had been the plaintiff. This is seen by the illustrations above made and by comparing the other cases provided for; as, where defendant succeeds in dismissing a complaint for nonappearance, he recovers by subdivision 6 the same costs that a plaintiff would be entitled to by subdivision 3 for defendant's nonappearance.

If he succeeds after a trial in dismissing a complaint, or recovers judgment on the merits, he receives under subdivision 5 the same costs that a plaintiff under subdivision 2 would receive, if plaintiff had recovered judgment for the amount claimed in the summons. If he interposes a counterclaim and succeeds thereby in reducing the plaintiff's claim to any sum, no matter how small, and plaintiff recovers judgment for the difference, costs follow to the plaintiff as provided by subdivision 2. If plaintiff recovers under $50, he recovers no costs, and, if the difference in plaintiff's favor is $50 or over, plaintiff is entitled to costs.

[3] Where defendant establishes his counterclaim of $200 which equals the plaintiff's demand of $200, neither party recovers any part of his claim. One balances the other, but the form of the judgment must be in favor of defendant, without any amount being stated. But, having recovered his judgment by answer and counterclaim, his right to costs on the judgment on his counterclaim being expressly

provided for by subdivision 7—that such right is based on the amount of his recovery—and there being no specific amount of recovery upon which costs can be based, he recovers no costs, because subdivision 7 provides there must be a recovery of judgment of at least $50 on the counterclaim to entitle him to costs.

The defendant cites the case of Ruegamer v. Cieslinskie, 104 App. Div. 135, 93 N. Y. Supp. 599 (Second Dept. 1905), in which the Appellate Court modified the judgment of the Municipal Court by directing judgment dismissing the complaint on the merits. The defendant had also recovered judgment on his counterclaim for $25 without costs. This the court also modified by allowing costs to defendant under subdivisions 2 and 5. It does not appear, however, in that case, that the question of the construction or application or effect of subdivision 7 upon a recovery by defendant raised by answer and counterclaim was presented to or considered by the court.

In the later case of Madison Paper Stock Co. v. Maurice O'Meara Co., 63 Misc. Rep. 277, 116 N. Y. Supp. 672 (Appellate Term, 1909), the plaintiff sued for $208. His claim was admitted by the defendant, who interposed a counterclaim for $240.76 and defendant recovered judgment for $38.56. Costs of $20 were allowed him by the Municipal Court; but it does not appear in that case that such costs were allowed in the Municipal Court by applying subdivisions 2 and 5, nor does it appear that the defendant's right to costs under those subdivisions was presented or discussed in the Appellate Court. And yet, if allowed at all in the court below, it could only have been justified under subdivisions 2 and 5.

A reading of the opinion of the Appellate Court, however, would seem to indicate that the costs were allowed on the basis of the amount claimed as a counterclaim. The Appellate Court reversed the taxation and held that the defendant's right to costs was based upon the sum for which defendant recovered judgment, and, having recovered less than $50, he was not entitled to costs under subdivision 7.

Although, in the case cited, the defendant admitted the plaintiff's claim, while in this case the plaintiff's claim was wholly disputed, in my opinion it makes no difference, so far as defendant's right to costs is concerned, whether he recovers on his counterclaim upon an admission of plaintiff's claim, or after a trial of the issues raised by answer to plaintiff's claim. Subdivision 7 applies to both cases.

The plaintiff is entitled to an order disallowing the item of $20 costs as taxed by the clerk, and directing that such sum be credited upon the judgment, and upon any execution or other mandate issued to enforce the same.